**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

UNITED STATES OF AMERICA,

    Plaintiff,

                                        Case No. 1:19-cr-02328-MLG-1

v.

TIMOTHY BACHICHA,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS ON FEDERAL JURISDICTION GROUNDS**

Defendant Timothy Bachicha has been charged in federal court with two counts of kidnapping for the purpose of committing sexual assault against Jane Doe 1 and Jane Doe 2. Doc. 6 at 1. The claimed offenses all allegedly took place within New Mexico's boundaries: the alleged victims were not transported outside of the state. Given these facts, one might ask how this matter ended up in federal court. The Government asserts jurisdiction is proper in this forum because Bachicha allegedly used a motor vehicle during the commission of the offense, which it identifies as a means, facility, or instrumentality of interstate commerce. Doc. 124 at 1. If correct, then the Government's allegations would present actionable federal kidnapping charges pursuant to 18 U.S.C. § 1201(a)(1). Bachicha challenges the Government's take on this statute and moves to dismiss the indictment. *See generally* Doc. 115. He maintains that Congress—in enacting the 2006 amendment to the federal kidnapping statute—did not define the term "instrumentality of interstate commerce" to include a motor vehicle. *Id.* at 8. He also correctly points out that neither the Supreme Court nor the Tenth Circuit has provided guidance on the matter. *Id.* Nevertheless, after careful consideration of the relevant text and in light of decisional authority addressing analogous statutory language, the Court denies the motion.

**DISCUSSION**

**I.      The plain language of the statute supports the conclusion.**

18 U.S.C. § 1201(a)(1) makes it unlawful to *inter alia* kidnap any person where the offender uses "any means, facility, or instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense."[1] "Instrumentality" is commonly understood as "the fact or function of serving to bring about a result or accomplish a purpose." *Instrumentality*, Oxford English Dictionary (2023). A motor vehicle comports with this ordinary meaning in that it functions to accomplish a purpose (e.g., kidnapping for the primary objective of committing sexual assault). This conclusion is strengthened when considering Congress's use of the antecedent "any." The Court construes that term expansively. *See United States v. Gonzales*, 520 U.S. 1, 5 (1997) ("Read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'") (citation omitted). With that understanding, it makes sense that Congress intended for "instrumentality" to serve as an expansive catch-all encompassing—for example— both tangible objects, like cell phones and GPS devices, as well as intangibles like the internet. *See United States v. Morgan*, 748 F.3d 1024, 1034 (10th Cir. 2014); *see also United States v. Protho*, 41 F.4th 812, 828 (7th Cir. 2022) (noting that Article I, § 8 of the United States Constitution "allows Congress to 'regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities'"). It follows then that an expansive interpretation of the wording "any

---

[1] The statute applies to "kidnappings in which the defendant crosses state lines or channels or facilities of interstate commerce were used to commit the crime, even when the physical kidnapping occurred within the borders of a single state." *United States v. Small*, 988 F.3d 241, 251 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 191 (2021). Here, there is no dispute that the alleged kidnapping occurred within the borders of New Mexico. The statute nonetheless applies.

instrumentality" includes motor vehicles.[2]

This conclusion finds support when considering Congress's extensive authority to regulate interstate commerce. There are "three broad categories of activity that Congress may regulate under its commerce power." *United States v. Lopez*, 514 U.S. 549, 558 (1995). These categories include (1) "use of the channels of interstate commerce," (2) "the instrumentalities of interstate commerce . . . even though the threat may come only from intrastate activities," and (3) "activities having a substantial relation to interstate commerce." *Id.* at 558-59. The second category "includes regulation aimed at local, in-state activity involving instrumentalities of commerce." *Morgan*, 748 F.3d at 1031. Here, the indictment alleges that Bachicha used a motor vehicle as an instrumentality of interstate commerce to commit two intrastate kidnappings in violation of the federal kidnapping statute. Doc. 6 at 1. Given the language in both the indictment and the statute, the second type of congressional authority is implicated.[3] Even though the kidnappings allegedly occurred entirely within the boundaries of New Mexico, they were facilitated by the use of a regulated instrumentality of interstate commerce: a motor vehicle.  Thus, "[f]ederal prosecution for such conduct comports with the Commerce Clause" under the second category. *Morgan*, 748 F.3d at 1032.

Notably, most other cases addressing analogous circumstances concur that Congress possesses this authority and accordingly those courts have held that motor vehicles constitute instrumentalities of interstate commerce. *See, e.g.*, *United States v. Bishop*, 66 F.3d 569, 590 (3d

---

[2] In fact, it is so conceivable that many circuit courts have adopted the rule as discussed *infra*.

[3] "The four district court cases to address the constitutionality of the Federal Kidnapping Statute . . . . have all upheld the statute as an appropriate exercise of Congress' Commerce Clause power under *Lopez* Category Two." *United States v. Ramos*, No. 12 Cr. 556, 2013 WL 1932110, at *2 (S.D.N.Y. May 8, 2013) (listing those cases).

Cir. 1995); *United States v. Cobb*, 144 F.3d 319, 322 (4th Cir. 1998); *United States v. McHenry*, 97 F.3d 125, 126-27 (6th Cir. 1996); *United States v. Robinson*, 62 F.3d 234, 236-37 (8th Cir. 1995); *United States v. Oliver*, 60 F.3d 547, 550 (9th Cir. 1995). And while these cases were decided under the federal carjacking statute, there is no compelling reason to interpret that statutory language differently than the language of the federal kidnapping statute. *See United States v. Windham*, 53 F.4th 1006, 1013 (6th Cir. 2022) (citing the Sixth Circuit's opinion in *McHenry* which involved the federal carjacking statute for the proposition that "[t]his Court has held repeatedly and unambiguously that cars and phones are instrumentalities of interstate commerce"). This Court agrees with the majority view and concludes that motor vehicles are instrumentalities of interstate commerce under the federal kidnapping statute.

## II.     The holding in *United States v. Morgan* does not foreclose the conclusion.

As mentioned, the Tenth Circuit recently held that a cell phone, the Internet, and a GPS device constitute instrumentalities of interstate commerce under the federal kidnapping statute. *Morgan*, 748 F.3d at 1031-32. This Court is aware of another decision interpreting *Morgan* as foreclosing the possibility that motor vehicles are an instrumentality of interstate commerce. *See United States v. Chavarria*, 22-cr-1724-KG, 2023 WL 3815203, at *6 (D.N.M. June 5, 2023) ("If the Tenth Circuit was implying that a vehicle was an instrumentality of interstate commerce in *Morgan*, the court would have listed the vehicle when delineating what instrumentalities of interstate commerce the defendants had used[.]"). But this Court does not read that decision quite so narrowly. This is because the precise question presented here was not before the *Morgan* court: the indictment and the tendered jury instructions both indicate that the Government's federal jurisdictional hook rested on the defendants' use of a cell phone, the Internet, and a GPS device in furtherance of the kidnapping plot—*not* a motor vehicle. *Morgan*, 748 F.3d at 1031-32. Thus, the

Tenth Circuit did not reach the issue, and its decision does not exclude the possibility that vehicles are instrumentalities of interstate commerce. The Circuit has not yet had occasion to assess whether motor vehicles are in fact instrumentalities of interstate commerce. Until then, and guided by the statutory text and the reasoning of other circuit courts, this Court answers that question in the affirmative.

## CONCLUSION

For the foregoing reasons, the Court denies Bachicha's motion. Doc. 115.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA