IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                       Criminal No. 19-CR-2328 MLG

TIMOTHY BACHICHA,

        Defendant.

**MOTION TO DISMISS INDICTMENT FOR FAILURE TO STATE A FEDERAL OFFENSE/LACK OF FEDERAL JURISDICTION**

Defendant Timothy Bachicha, by and through his counsel of record, Donald F. Kochersberger III, moves this Court pursuant to Fed R Crim P 12(b)(2), and/or in the alternative, renews Defendant's Motion to Dismiss Based on the Absence of Federal Jurisdiction [Doc 115], and/or in the alternative, moves the Court to reconsider its Order [Doc 166] denying same, and/or in the alternative, renews Defendant's oral motion(s) for directed verdict pursuant to Fed R Crim P 29, and/or in the alternative, moves that the Court arrest the judgment in this case, pursuant to Fed R Crim P 34, and respectfully requests that this Court dismiss the Superseding Indictment in this case because it fails to state a federal offense that can be adjudicated by this Court.

Here, the Superseding Indictment incorrectly asserts that a "motor vehicle" is an "instrumentality" of interstate commerce as defined by the 2006 Amendment to the Federal Kidnapping Act. As recently held by the Tenth Circuit, "[m]otor vehicles… are not per se instrumentalities of interstate commerce for purposes of the federal kidnapping statute." *United States v. Chavarria*, 2025 U.S. App. LEXIS 14851, *24, 2025 LX 174518, __ F.4th __. Thus, the Government's threadbare allegation of the use of a motor vehicle to commit an act of kidnapping which had no economic effect on interstate commerce cannot vest this Court with jurisdiction, and

18 U.S.C. § 1201 cannot be read so broadly as to punish such conduct solely on the alleged use of a motor vehicle to commit a crime.

## Background

Defendant Timothy Bachicha was charged by Superseding Indictment with two counts of kidnapping using a motor vehicle in violation of 18 U.S.C. § 1201(a)(1) [Doc. 7]. The Superseding Indictment alleged that "in committing and in furtherance of the commission of the offense, [Mr. Bachicha] used a motor vehicle, a means, facility, and instrumentality of interstate commerce." [Doc. 7]. This Indictment, however, did not include any details about how this kidnapping is alleged to have affected commerce in any way. Moreover, all of the actions set out in the Superseding Indictment are alleged to have occurred within the State of New Mexico, there are no allegations of interstate movement of any person or that Mr. Bachicha or either of the alleged victims ever crossed state lines in order to commit the offense or during the commission of the offense, and the kidnapping was not alleged to have involved any economic activity of any kind – there was no request for a ransom, no robbery and no effort to steal anything of value[1].

For these reasons, on October 12, 2023, Mr. Bachicha filed a motion to dismiss the Superseding Indictment based on the lack of federal jurisdiction, asserting that a motor vehicle is not an "instrumentality" of interstate commerce as defined by the 2006 Amendment to the Federal Kidnaping Act. [Doc. 115] After the motion was briefed and argued by the parties, this Court entered its Order denying Mr. Bachicha's motion, finding that a motor vehicle is an instrumentality of commerce. *See* Doc. 166 at 3 ("[e]ven though the kidnappings allegedly occurred entirely within the boundaries of New Mexico, they were facilitated by the use of a regulated instrumentality of

---

[1] Indeed, the trial record will also reflect that the United States introduced no evidence of any such interstate travel or economic activity of any kind or nature.

interstate commerce: a motor vehicle."). The Court acknowledged the lack of Tenth Circuit precedent on the precise issue raised in the motion, noting:

> The Circuit has not yet had occasion to assess whether motor vehicles are in fact instrumentalities of interstate commerce. Until then, and guided by the statutory text and the reasoning of other circuit courts, this Court answers that question in the affirmative.

*Id.* at 5.

Recently, however, the Tenth Circuit has indeed squarely assessed this very issue and has held that motor vehicles "are not per se instrumentalities of interstate commerce for purposes of the federal kidnapping statute." *United States v. Chavarria*, 2025 U.S. App. LEXIS 14851, *24, 2025 LX 174518, __ F.4th __. Accordingly, Mr. Bachicha requests that this Court dismiss the Superseding Indictment in this case as fatally deficient in accordance with the Tenth Circuit's holding in *Chavarria* and incorporates by reference the arguments raised in his previously filed motion. [Doc. 115]

**Discussion**

The procedural posture of this case is unusual, in that a jury has reached a guilty verdict, but the Court has not entered a judgment, and it is now clear that the charging document was fatally deficient such that it leaves the Court without jurisdiction. Moreover, this exact issue was raised pre-trial by the Defendant and, as the law is now clear, the Court incorrectly failed to dismiss the indictment at the time. Of course, however, a challenge to the court's jurisdiction may be raised at any time. *See, e.g.*, *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). Mr. Bachicha is raising such a challenge with this Motion. Whether the procedural mechanism for doing so is a renewal of his earlier motion, a request that the Court reconsider its earlier ruling on that motion, a renewal of the motions made at trial pursuant to Fed R Crim P 29, a motion to arrest the judgment pursuant to Fed R Crim P 34, or otherwise, the basis of the challenge remains the

same: this Court does not have jurisdiction to further adjudicate an alleged criminal offense pursuant to 18 U.S.C. §1201 premised on the mere allegation that the Defendant utilized a motor vehicle in the commission of the offense(s). Such an allegation is insufficient to invoke federal jurisdiction as a matter of law. *United States v. Chavarria*, 2025 U.S. App. LEXIS 14851, *10, 2025 LX 174518, __ F.4th __. Accordingly, the Court must dismiss the superseding indictment and, with it, this case.

Article I section 8 of the United States Constitution authorizes Congress to make laws as necessary to regulate commerce among the states, so long as Congress has a rational basis for concluding that the prohibited activities "taken in the aggregate substantially affect interstate commerce." *United States v. Garcia,* 74 F.4th 1073, 1090 (10th Cir. 2023), citing *Gonzales v. Roarch,* 545 U.S. 1, 22 (2005). Traditionally Congress' power under the Commerce Clause has been extended to allow regulation of: (1) the channels of interstate commerce; (2) the instrumentalities of interstate commerce (even if the threat to the instrumentalities comes from a intrastate activity); and, (3) any activity that has a "substantial affect" on interstate commerce (again, even if that activity is purely an intrastate event). *United States v. Lopez,* 514 U.S. 549, 558-559 (1995), see also. *Perez v. United States,* 402 U.S. 146, 150 (1071).

"Congress's reference to the 'instrumentalities of interstate commerce' in the federal kidnapping statute invokes federal jurisdiction under the *Lopez* Category 2 authority." *United States v. Chavarria*, 2025 U.S. App. LEXIS 14851, *10, 2025 LX 174518, __ F.4th __. In *Chavarria*, the Tenth Circuit determined the scope of that authority. *Id.* In making its determination, the Circuit Court emphasized that the "Constitution does not grant the federal government a police power or a general authority to combat violent crime." And that "the federal

government's ability to punish crime arose only from its enumerated powers." *Id.* The Constitution's Commerce Clause grants Congress the power to regulate commerce among the states and is the explicit source of its authority at issue in the federal kidnapping statute charged in this case. U.S. Const. art. I, § 8, cl. 3.

Importantly, Congress' authority under the Commerce Clause is not limitless. The United States Supreme Court has repeatedly cautioned that the scope of Congress' authority under the Commerce Clause "must be considered in the light of our dual system of Government and may not be extended so as to embrace effects upon interstate commerce so indirect and remote that to embrace them, in view of our complex society, would effectively obliterate the distinction between what is national and what is local and create a completely centralized government." *NLRB v. Laughlin Steel Corp*, 301 U.S. 1, 37 (1937). In recent years the United States Supreme Court has relied on the limits of the authority under the Commerce Clause to strike down the Violence Against Women Act (*United States v. Morrison,* 529 U.S. 598, 613 (2008)) and the Gun Free School Zone Act (*United States v. Lopez,* 514 U.S. 549, 551 (1995).

Congress first enacted the Federal Kidnaping Act of 1932 to outlaw the interstate kidnaping of a person in response to the shock and national grief surrounding the kidnaping of the "Lindberg baby." *United States v. Morgan.* 748 F.3d 1024, 1231 (10th Cir. 2014). In 2006, Congress amended the law and expanded the elements of the federal offense to include any kidnaping which uses an "instrumentality" of interstate commerce, even if the kidnaping was otherwise completely limited to intrastate activities. *Id.*

Relying on the outer limits of Congressional authority under Article I, section 8, United States District Court for the District of New Mexico Judge Kenneth Gonzales concluded that a motor vehicle is not an instrumentality of interstate commerce and dismissed an indictment

charging kidnapping resulting in death because of the absence of federal jurisdiction. *United States v. Chavarria,* 2023 WL 3815203 (D.N.M. 2023). Judge Gonzales determined that "the purported instrumentality of interstate commerce in this matter, a vehicle, is not what Congress sought to protect when enacting the kidnapping statute." *Id.* at * 4. Judge Gonzales was also persuaded by the precedent set in *Morgan* because, even though the kidnappers in that case used a motor vehicle, the *Morgan* Court limited the "instrumentalities of interstate commerce" to the use of a cell phone, the internet and a G.P.S. tracker." *Ibid.* Judge Gonzales was further persuaded by the fact that because Congress did not define the term "instrumentality of interstate commerce" to include a motor vehicle when enacting the 2006 Amendment and because neither the U.S. Supreme Court nor the Tenth Circuit has ever held that a motor vehicle is necessarily an instrumentality of interstate commerce, it would be an improper extension of federal jurisdiction under the Commerce Clause to allow the use of an automobile to come within the ambit of the law. *Id.* at *6. Relying on all of these facts, Judge Gonzales concluded that there was no federal jurisdiction because "Congress has not indicated an intent to assert Commerce Clause authority and bring under federal jurisdiction non-economic criminal kidnaping occurring intrastate simply because of the use of a common vehicle." *Id.* at * 8.

The Tenth Circuit has now affirmed Judge Gonzales' dismissal of Mr. Chavarria's indictment. *United States v. Chavarria*, Ct. App. No. 23-2102 at 14. In its opinion, the Tenth Circuit held "that 'motor vehicles'—an undefined, generic term—are not per se instrumentalities of interstate commerce for purposes of the federal kidnapping statute." *Id.* at 23.

> If Mr. Chavarria and Mr. Romero were alleged to have crossed state lines during the commission of their crime, a federal indictment would likely stand. That, after all, was the evil that the kidnapping statute was meant to prevent. *See Chatwin*, 326 U.S. at 462–63 ("Its proponents recognized that where victims were transported

      across state lines only the federal government had the power to disregard such barriers in pursuing the captors.").

      But where a crime's relation to interstate commerce is so tangential that it can be connected only in the hypothetical by reference to the broadest possible conception of an instrumentality's class, prosecution must be left to the states. It is the states in whose hands our constitutional order places "the ordinary administration of criminal and civil justice." The federal government must stay within its enumerated powers.

*Id.* at 22.

      Mr. Bachicha respectfully submits that this Court must reach the same conclusion in this case for the reasons which were articulated by Judge Gonzales and the Tenth Circuit in *Chavarria*. The Superseding Indictment's allegation that a motor vehicle is an "instrumentality of interstate commerce" does not make it so. Moreover, the Superseding Indictment lacks any allegations regarding any use of the motor vehicle(s) that would cause it to be otherwise covered by the Commerce Clause. The use of a motor vehicle, standing alone, cannot provide a sufficient connection between the alleged kidnappings and interstate commerce which would justify the use of Congress' powers under the Commerce Clause. Importantly, the Superseding Indictment filed in Mr. Bachicha's case contains the very same language as the indictment in *Chavarria*, that each defendant "in committing and in furtherance of the commission of the offense, used a motor vehicle, a means, facility, and instrumentality of interstate commerce." *Id.* at 3. The Tenth Circuit has now clearly held that in *Chavarria* that "motor vehicles" are not per se instrumentalities of interstate commerce "means the government's threadbare, conclusory indictment is fatally deficient." *Id.* at 23. Applying this result to the instant case, as the Court must, reveals the Superseding Indictment in this case to be similarly fatally deficient.

      In short, this case should be dismissed for failure to state a federal offense/lack of federal jurisdiction because none of the allegations in the Superseding Indictment refer to anything that

constitutes an instrumentality of interstate commerce. Moreover, the alleged kidnaping did not have any economic effect whatsoever, let alone an economic effect which had a substantial connection to interstate commerce. Finally, nothing about the alleged kidnapping involved any interstate travel or use of the means of interstate commerce. The result is that 18 U.S.C. § 1201 is being used by the Government to prosecute purely local, non-economic activity that does not affect interstate commerce in any way.

## Conclusion

"On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *Sampson*, 371 U.S. at 78-79). Based on the Tenth Circuit's holding in *Chavarria*, the allegation in Mr. Bachicha's Superseding Indictment that he used a motor vehicle in the commission of the offense is insufficient to establish the required nexus to interstate commerce. Thus, even if they were true, the allegations in the Superseding Indictment would fail to establish a violation of 18 U.S.C. § 1201

WHEREFORE, because the Superseding Indictment filed against Mr. Bachicha in this case is fatally deficient in that it fails to state a federal offense, the Superseding Indictment in this case must be dismissed.

Respectfully Submitted:

*/s/ Electronically filed*

_____
Donald F. Kochersberger III
6801 Jefferson St. NE, Suite 210
Albuquerque, New Mexico 87109
(505) 848-8581 (Voice)
(505) 848-8593 (Facsimile)
Donald@BusinessLawSW.com (E-Mail)

*Attorney for Defendant Timothy Bachicha*

     I HEREBY CERTIFY that on the 23rd day of June 2025, I filed the foregoing electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Electronically Filed*

_____
Donald F. Kochersberger III
Attorney for Defendant