IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                             **Criminal No. 19-CR-2323 MLG**

TIMOTHY BACHICHA,

        Defendant.

**REPLY IN SUPPORT OF MOTION TO DISMISS INDICTMENT FOR FAILURE TO STATE A FEDERAL OFFENSE/LACK OF FEDERAL JURISDICTION**

Defendant Timothy Bachicha, by and through his counsel of record, Donald F. Kochersberger III, submits this Reply in support of his motion filed pursuant to Fed R Crim P 12(b)(2), and/or in the alternative, renewal of Defendant's Motion to Dismiss Based on the Absence of Federal Jurisdiction [Doc 115], and/or in the alternative, motion for the Court to reconsider its Order [Doc 166] denying same, and/or in the alternative, renewal of Defendant's oral motion(s) for directed verdict pursuant to Fed. R. Crim. P. 29, and/or in the alternative, motion that the Court arrest the judgment in this case, pursuant to Fed. R. Crim. P. 34, and respectfully requests that this Court dismiss the Superseding Indictment in this case because it fails to state a federal offense that can be adjudicated by this Court.

### Introduction

In the United States' Response in Opposition to Defendant's Motion to Dismiss [Doc. 224] ("Response"), the Government relies on the testimony, evidence, and stipulation presented at Mr. Bachicha's trial in support of its position that his Indictment should not be dismissed, notwithstanding the Tenth Circuit's recent decision in *United States v. Chavarria*. In doing so, the

Government admits that the Indictment is "presently insufficient"[1], but argues that, because its defects are not jurisdictional and are purportedly harmless, the Court should disregard its insufficiency. [Doc. 224, pp. 10-13] The Government also attempts to read into the *Chavarria* opinion holdings that were never made by the Court. Because the Government's Response is both unpersuasive and misleading, the Court should grant Mr. Bachicha's Motion and dismiss the Government's "fatally deficient" Superseding Indictment.

## Discussion

Defendant agrees that the Court indeed has the jurisdiction to decide Mr. Bachicha's Motion to dismiss his Superseding Indictment. And, based on its identical language to that used in the Indictment in *Chavarria*, the Court is compelled to likewise determine that the Superseding Indictment in this case is fatally deficient and must be dismissed. The Government's reliance on its own evaluation of the evidence it presented at trial does not retroactively repair the defect in Superseding Indictment. Further, the Government's claim that the defect is harmless beyond a reasonable doubt is unsupported by the facts or by logic. Accordingly, the Superseding Indictment should be dismissed.

### I.   The Indictment is Fatally Deficient, not Simply "Insufficient."

In its Response, the Government concedes, as it must following *Chavarria*, that the Superseding Indictment in this case fails to sufficiently allege a violation of the federal kidnapping statute. [Doc 224 at 10] Rather than use the Tenth Circuit's terminology from *Chavarria*, however (that the conclusory allegation that a motor vehicle is a means, facility, and instrumentality of

---

[1] The wording used by the Tenth Circuit in *Chavarria* was that the same "threadbare, conclusory" language present in Mr. Bachicha's Indictment rendered the indictment "fatally deficient.". *United States v. Chavarria*, 2025 U.S. App. LEXIS 14851, *24, 2025 LX 174518, __ F.4th __, 2025 WL 1680479.

interstate commerce renders the indictment "**fatally deficient**"), the Government attempts to soften this language and its import by merely stating that its Superseding Indictment is "presently insufficient." *Id.* The Tenth Circuit's choice of language in *Chavarria* reveals that the identical deficiency present there should lead to an identical outcome here. The Superseding Indictment must be dismissed.

> **II.    Whether for Lack of Jurisdiction or Failure to State a Federal Offense, the Superseding Indictment must be Dismissed.**

The Government focuses on their perceived issue of whether or not the defect in the Superseding Indictment is jurisdictional. While the Supreme Court in *United States v. Cotton* may have held that certain defects in an indictment do not deprive a court of its power to adjudicate a case, when an indictment fails to charge an offense and is "fatally deficient," it nonetheless must be dismissed. *Cotton*, 535 U.S. 625, 628 (2002); *United States v. Elliott*, 689 F.2d 178, 181 (10th Cir. 1982) (concluding that the indictment was "fatally defective and must be dismissed").

In *Elliott*, a case in which the defendant had also been convicted at the time the fatally deficient nature of the indictment was decreed, the defendant moved to dismiss the indictment as fatally deficient because it did not allege conduct prohibited by 15 U.S.C. § 645(a), the statute under which he was charged. *Elliott* at 179. The district court denied the defendant's motion prior to trial, and he was convicted. On appeal, the Tenth Circuit reversed the district court's denial of the motion. *Id.* ("We must reverse because the indictment was not sufficient to charge an offense."). The Court remanded the case with direction to set aside the defendant's conviction and dismiss the indictment. *Id.* at 181 ("the judgment must be reversed and the case is remanded with the direction to set aside the conviction and to dismiss the indictment").

Further, the Government appears to ignore the Tenth Circuit's recent ruling in *Chavarria*, in which it affirmed Judge Gonzales' dismissal of an indictment after he "conclude[d] that there is no federal jurisdiction" and found no Congressional intent to "assert Commerce Clause authority and bring under federal jurisdiction non-economic criminal kidnapping entirely occurring intrastate simply because of the use of a common vehicle." *Chavarria*, No. 22-cr-1724-KG 2023, U.S. Dist. LEXIS 98351, *27 (D.N.M. June 5, 2023). In its opinion, the Tenth Circuit nowhere stated that this portion of the district court's ruling was incorrect and specifically stated that under the identical facts there, "prosecution must be left to the states" and "[t]he federal government must stay within its enumerated powers." Thus, although this Court may have jurisdiction to decide this Motion, the explicit language in the *Chavarria* ruling instructs that the federal government does not have jurisdiction to prosecute its fatally deficient Superseding Indictment.

In its Response, the Government also attempts to characterize the defect in its Superseding Indictment as just "a lack of specificity" and claims that it alleges all required elements of the federal kidnapping statute. [Doc. 224 at 12] As the Tenth Circuit explained in *Elliott*, "Fed. R. Crim. P. 7(c)(1)…requires that an indictment be 'a plain, concise and definite written statement of the essential facts constituting the offense charged.' Thus, the indictment should lay out the elements of the charge and the factual circumstances underlying them." *Elliott* at 180. The Court then dismissed the indictment and set aside the defendant's conviction based on the failure of the indictment to describe conduct that fell within the reach of the statute. *Id.* The Superseding Indictment here suffers from the same "fatal" deficiency, because it incorrectly concludes that a motor vehicle is an instrumentality of interstate commerce per se, which, as the Tenth Circuit has

now made clear in *Chavarria*, is not the case. *Chavarria* at *24. Thus, the Superseding Indictment in fact does not contain all required elements of the federal kidnapping statute as the Government claims. And again, when an indictment is "fatally deficient," as is the case here, it must be dismissed. *Elliott* at 181.

### III.   The "Error" in the Superseding Indictment is Fatal, not Harmless.

The Government next goes on to argue that "the mere presence of an indictment defect is not sufficient" to grant Mr. Bachicha's motion, and that the Court must first determine whether the defect constitutes harmless error. [Doc. 224 at 12-17] The Government again disregards the Tenth Circuit's holding that the precise language used in Mr. Bachicha's Superseding Indictment constituted a fatal defect requiring dismissal. *Chavarria* at *24; *see also United States v. Hargrove*, 382 Fed. Appx. 765, 784, (10th Cir. 2010) ("The failure of an indictment to state an offense is a fatal defect that may be raised at any time."). The Government's reliance on the parties' stipulation and evidence at trial also fails to save its fatally deficient Superseding Indictment. "On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) (citing *Sampson*, 371 U.S. at 78-79).

The Government glosses over the important fact that Mr. Bachicha timely challenged the sufficiency of the Superseding Indictment prior to trial. "[I]f properly challenged before trial, an indictment's failure to allege an element of the offense constitutes reversible error" *United States v. Prentiss*, 256 F.3d 971, 982 (10th Cir. 2001) (citing *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999)). Here, Mr. Bachicha properly challenged the Superseding Indictment before trial,

but that motion was denied. In *Chavarria*, however, the Tenth Circuit made clear that his motion should have, in fact, been granted. Now, the Government seeks to hold Mr. Bachicha to a higher standard as a result of the improper denial of his original motion and have the Court consider evidence outside of the Indictment itself to correct its fatal defect . It should not be permitted to do so. Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). Where an indictment is "not sufficient to charge an offense", it must be dismissed. *Elliott*. Indeed, it is difficult to imagine how being prosecuted under a "fatally deficient" indictment could ever constitute harmless error.

Furthermore, even if the Court were to consider Mr. Bachicha's motion under a harmless error analysis, the Government's arguments fail. It is the Government's burden to establish that error is harmless beyond a reasonable doubt. *United States v. Farmer*, 770 F.3d 1363, 1367 (10th Cir. 2014). The Government simultaneously acknowledges that *Chavarria* did not reach the question of whether automobiles are per se instrumentalities of interstate commerce and claims that if it had used the term automobiles, the Superseding Indictment would have been sufficient. First of all, the Government did not use the term "automobiles", and its use of "motor vehicles" rendered the Indictment fatally flawed. Second, the Tenth Circuit has never held or stated (in *Chavarria* or elsewhere) that, if the Government had alleged the use of automobiles instead of motor vehicles, the indictment would have been sufficient. It simply pointed out in *Chavarria* that such a case would present a different question because the Government was conflating motor vehicles with automobiles despite the fact that the term automobiles was not present in the indictment at issue (nor is it here).

As it did in *Chavarria*, here the Government again relies on the cases of *United States v. Windham*, 53 F.4th 1006, 1013 (6th Cir. 2022) and *United States v. Protho*, 41 F.4th 812, 828-29 (7th Cir. 2022) to support its position that motor vehicles and automobiles are per se instrumentalities of interstate commerce. The Tenth Circuit in *Chavarria* distinguished those cases and found that "their perfunctory rationales are not persuasive." *Chavarria* at *21. The Court likewise distinguished cases decided under the federal carjacking and murder-for-hire statute that were relied on by the Government in both *Chavarria* and here. *Id.* n.18; Doc. 224 at 16. Thus, the Government's claim that, had it alleged the use of automobiles or even commercial vehicles[2] rather than motor vehicles, the jury would still have returned a jury verdict is both misplaced and unpersuasive. And again, as the Government alleged neither of those, the Superseding Indictment is fatally deficient under *Chavarria* and must be dismissed.

The Government also relies on the parties' stipulation that the motor vehicles used by Mr. Bachicha were instrumentalities of commerce and claims that based on this stipulation and evidence that it claims supports a finding that the motor vehicles were, in fact, automobiles, the jury would have convicted Mr. Bachicha even absent the defect in the Superseding Indictment. Again, Mr. Bachicha challenged the Superseding Indictment prior to trial, specifically arguing that its reference to a motor vehicle was insufficient. Because the Court denied his motion, and held that a motor vehicle is, in fact and as a matter of law, an instrumentality of interstate commerce, Mr. Bachicha had no basis on which he could refuse to stipulate to the finding that the motor vehicles used were instrumentalities of commerce. Now, however, *Chavarria* has determined that

---

[2] The Government also argues that commercial automobiles are quintessential means of interstate commerce and qualify as per se instrumentalities of interstate commerce. It provides no analysis, however, or citation to support its claim. [Doc. 224 at 17] Further, the Government also did not allege the use of commercial vehicles in the Superseding Indictment.

motor vehicles are not per se instrumentalities of commerce. The parties' stipulation related to an essential element of the charged offenses, and Mr. Bachicha would obviously not have entered into the stipulation absent the prior ruling by this Court. As a result, Mr. Bachicha was unquestionably prejudiced. Thus, the Government's claim that this qualifies as harmless error is preposterous.

The Government incorrectly claims that its Superseding Indictment's error in its "level of specificity" did not affect Mr. Bachicha's substantial rights, and therefore must be disregarded. Once again, *Chavarria* nowhere described the very same error there as a "lack of specificity", but rather, "threadbare, conclusory," and "fatally deficient." *Id.* at *24. Mr. Bachicha has the right to be prosecuted by a valid Indictment. See Fed. R. Crim. P. 7(c)(1) (An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged") An error is said to affect a substantial right when it has "a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." *United States v. Medeiros*, 647 F. Supp. 3d 1130, 1168 (D.N.M. Dec. 20, 2022). As described above, this error and the ruling on Mr. Bachicha's pretrial motion to dismiss necessarily impacted and informed his defense strategy and his decision to enter into a stipulation that relieved the jury of having to determine whether the Government had proven the interstate commerce elements of both charges, which substantially influenced the outcome. This was manifestly prejudicial to the defense and affected the fairness of the trial, and it was certainly not harmless. *Id.* at 1172.

## Conclusion

Under *Chavarria*, "motor vehicles" are not per se instrumentalities of interstate commerce, which "means the government's threadbare, conclusory indictment is fatally deficient." *Id.* at *23.

Applying this result to Mr. Bachicha's case, as the Court must, reveals the Superseding Indictment in this case to be similarly fatally deficient. Based on the Tenth Circuit's holding in *Chavarria*, the allegation in Mr. Bachicha's Superseding Indictment that he used a motor vehicle in the commission of the offense is insufficient to establish the required nexus to interstate commerce. Thus, even if they were proven unquestionably true, the allegations in the Superseding Indictment would fail to establish a violation of 18 U.S.C. § 1201 and therefore fail to state a federal offense. Moreover, contrary to the Government's assertions, its fatally deficient Superseding Indictment should not be subject to harmless error review. When an indictment is fatally deficient, it must be dismissed. *Elliott* at 181. Finally, the error here was in no way harmless (indeed, it was fatal). As such, the Superseding Indictment in this case must be dismissed and the convictions must be set aside.

WHEREFORE, because the Superseding Indictment filed against Mr. Bachicha in this case is fatally deficient in that it fails to state a federal offense, the Superseding Indictment in this case must be dismissed and the convictions must be set aside.

Respectfully Submitted:

*/s/ Electronically filed*

_____
Donald F. Kochersberger III
6801 Jefferson St. NE, Suite 210
Albuquerque, New Mexico 87109
(505) 848-8581 (Voice)
(505) 848-8593 (Facsimile)
Donald@BusinessLawSW.com (E-Mail)

*Attorney for Defendant Timothy Bachicha*

      I HEREBY CERTIFY that on the 11th day of July 2025, I filed the foregoing electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Electronically Filed*
_____
Donald F. Kochersberger III
Attorney for Defendant